IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN LEIVA,<br><br>              Plaintiff,<br><br>   v.<br><br>PENNYMAC LOAN SERVICES LLC,<br><br>              Defendant. | No. C-09-05566 EDL<br><br>**REPORT AND RECOMMENDATION RE: DISMISSAL** |

On January 5, 2010, Defendant TD Service Company filed a Motion to Dismiss Plaintiff's complaint. That motion was set for hearing on February 23, 2010. Pursuant to Northern District Civil Local Rule 7-3(a), Plaintiff's opposition brief was due twenty-one days before the hearing date. Because Plaintiff failed to file an opposition, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute as to this Defendant or why the motion should not be granted as unopposed. Plaintiff's response to the Order to Show Cause was due no later than February 24, 2010. The Court also continued the February 23, 2010 hearing to April 6, 2010 to be heard with Motions to Dismiss brought by Defendants PennyMac Loan Services and Mortgage Electronic Registration Services.

On February 23, 2010, Plaintiff filed a Response to the Order to Show Cause stating that she did not oppose any of the Motions to Dismiss. Plaintiff also filed a Statement of Non-Opposition to Defendants' Motion to Dismiss, seeking dismissal without prejudice of the federal claims in the case, brought under the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, et seq. Plaintiff also sought dismissal of her entire

complaint based on the lack of federal subject matter jurisdiction.

Although Plaintiff cites no authority for the dismissal of her claims, the Court assumes that she purports to dismiss the federal claims in her complaint pursuant to Rule 41(a)(1). It is well-established, however, that Rule 41(a)(1) cannot be used to dismiss individual claims against Defendants:

> In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir.1988). As we noted in Ethridge, "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." Id. at 1392. Instead, we agreed with two of our sister circuits that " Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.' " Id. (quoting 5 J. Moore et al., Moore's Federal Practice ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original); see also Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1513(9th Cir.1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." (citing Ethridge, 861 F.2d at 1392)); Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir.1987).

Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 687-88 (9th Cir. 2005). Therefore, Plaintiff's Rule 41(a)(1) dismissal was ineffective.

However, amendments pursuant Rule 15(a) are liberally granted. See Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."). The Court construes Plaintiff's voluntary dismissal of her federal claims as an amendment of the complaint. See Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518-19 (Fed. Cir. 1987) (construing the dismissal of the patent claim as an amendment of the complaint, leaving only the non-patent claim for determination). Thus, the complaint, as amended, contains no federal claims.

When the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988); Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("The doctrine of pendent jurisdiction is one of discretion, not of power, as long as the federal claims are substantial enough to confer subject-matter jurisdiction on the federal court. . . When the state issues apparently predominate and all federal claims are dismissed before

trial, the proper exercise of discretion requires dismissal of the state claim."). This discretionary decision is dependent upon what will best accommodate the values of "economy, convenience, fairness, and comity." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).

Here, the Court recommends not exercising discretion to retain the state law claims at this early stage of the litigation. Although Plaintiff waited until Defendants filed motions to dismiss to take action to eliminate her federal claims, that action was early in the case. Accordingly, the Court recommends that Plaintiff's complaint be dismissed without prejudice.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: February 25, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge